(No. 4521- 

MARY G. RIEFF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion on motion of Respondent to dismiss filed September 12, 1952.*
*Opinion granting award filed March 31, 1953.*

MICHAEL F. RYAN, Attorney for Claimant.

LATHAM CASTLE, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

SCHUMAN, C. J.

The Court is called upon to rule on a motion to dismiss in this case on jurisdictional grounds.

The provisions of the Federal Social Security Act amounts to Federal assistance where the State has an Unemployment Compensation Act, which meets with the requirements of the Federal Act. It can be conceded that administrative costs are paid to the State by the Federal Government, but, claimant, although paid from Federal funds, is a State employee.

The claim is predicated on claimant's unlawful discharge, as found by legal proceedings. This Court has repeatedly held, under such a state of facts, that

claimant can recover wages during the period of an unlawful discharge, subject to any affirmative defenses that may be raised by the State.

The basis of the action being an unlawful discharge of a State employee, the Court fails to see any necessity for joining Federal officials, because it makes no difference where the money came from.

The remedy of claimant is based on her rights as a Civil Service employee of the State, as provided by statute. If, as here, it is judicially determined she was unlawfully discharged, her claim arises therefrom, and not from any other source.

The motion to dismiss does not raise any defects appearing on the fact of the complaint, and is not supported by a required affidavit where such defects are not apparent.

If, claimant, on a hearing, is not entitled to an award, the Court could best decide this from the record.

For the reasons above assigned, the motion of respondent to dismiss is denied, without prejudice to raise any of the defects or defenses raised therein in an answer.

SUPPLEMENTAL OPINION

FARTHING, J.

On June 28, 1952, Mary G. Rieff filed her complaint, seeking an award for salary she was denied by being unlawfully discharged from her position as an Unemployment Claims Examiner I in the Division of Unemployment Compensation of the Department of Labor of the State of Illinois. The period involved is from December 8, 1948 to June 29, 1950, both inclusive. When she was discharged, claimant's salary was $200.00

per month, but salaries for such employees were increased to $220.00 per month effective July 1, 1949.

The file contains for our consideration the complaint, respondent's motion to dismiss, opinion by this Court rendered September 12, 1952, respondent's answer, Departmental Report, claimant's reply to respondent's answer, claimant's motion, supported by stipulation, for an extension of time through February 11, 1953 within which to file brief, order granting said motion, transcript of evidence, and the Commissioner's report.

Mary G. Patlak, formerly Mary G. Rieff, the claimant, was on June 3, 1940 certified and appointed Unemployment Claim Examiner I in the classified service of the Division of Unemployment Compensation of the Department of Labor of the State of Illinois, and continued in that employment until she was discharged on November 30, 1948. She received salary up to December 8, 1948.

On petition of claimant to the Illinois Civil Service Commission, a hearing was had on March 4, 1949, and, on June 20, 1949, the Commission upheld the discharge of claimant.

On July 14, 1949, claimant filed a complaint for judicial review of the decision of the Illinois State Civil Service Commission in the case entitled *Mary G. Rieff* vs. *Illinois State Civil Service Commission, et al*, in the Superior Court of Cook County, Illinois, No. 49 S 10283. On June 29, 1950, judgment was rendered reversing and setting aside the discharge of claimant from her Civil Service position. Claimant was reinstated to her former position as Unemployment Claim Examiner I on August 21, 1950.

In case entitled *People of the State of Illinois, ex rel, Mary G. Rieff* vs. *Frank Annunzio, et al,* No. 50 S. 17981, in the Superior Court of Cook County, Illinois, a mandamus proceeding for back salary, a judgment order was entered, awarding to plaintiff her back salary from June 29, 1950 to August 21, 1950, at the rate of $220.00 per month, and at the same time retaining jurisdiction as to the balance of plaintiff's claim for back salary from December 8, 1948 to June 29, 1950.

On November 29, 1951, the court in said cause entered an order, dismissing the case without prejudice concerning the plaintiff's right to back salary for the period December 8, 1948 to June 29, 1950. In the petition praying for said order, it is alleged that, because of the lapse of the appropriation for the biennium covering plaintiff's claim, the appropriation was unavailable in mandamus for the payment of her back salary for said period from December 8, 1948 to June 29, 1950.

The record shows that, if complainant had been continuously employed by respondent during the period in question, she would have earned $3,980.04. Her testimony shows that she was employed by various employers during that period, and that she earned a total of $2,852.19. This leaves a difference of $1,127.85, and, since she was unlawfully discharged, this amount should be paid to her.

An award is, therefore, made to the complainant, Mary G. Rieff now Patlak, and against the respondent, the State of Illinois, for $1,127.85.